**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**THIERNO AMADOU DIALLO,**

        **Petitioner,**

   **- against -**

**KENNETH GENALO, ET AL.,**

        **Respondents.**

**26-cv-6040 (JGK)**

<u>**Order**</u>

---

**JOHN G. KOELTL, District Judge:**

The parties are directed to appear for oral argument on the petitioner's petition for writ of habeas corpus on **Tuesday, August 11, 2026, at 11:30 a.m.** in Courtroom 14A, 500 Pearl Street, New York, New York.

By **Friday, August 7, 2026**, the parties are directed to submit to the Court letters of no more than five pages total in length per side with responses to the following inquiries:

1. What is the specific statutory authority that the Government contends supports the petitioner's current detention? The Government should address the petitioner's argument that the petitioner can only be detained after an Order of Supervision has initially been entered and either withdrawn or violated. Both the Government and the petitioner should identify the three most relevant cases supporting their respective positions.

2. The petitioner has moved to reopen his immigration proceedings to argue that his removal to Ghana is unlawful. The parties should address whether this petition in this case should therefore be dismissed until the petitioner has exhausted his administrative remedies. Both the Government and the petitioner should identify the three most relevant cases supporting their respective positions.

3. The parties should address whether the immigration court has the power to release the petitioner (subject to any appropriate conditions) during the pendency of the amended immigration proceedings relating to the petitioner's removal to Ghana. The parties should provide the statutory authority and the three most relevant cases supporting their respective positions.

4. The parties should address whether the jurisdiction-stripping provisions of 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) prevent this Court from exercising jurisdiction in this case. Both the Government and the petitioner should identify the three most relevant cases supporting their respective positions.

5. What is the effect of the recent decision of the Court of Appeals for the Second Circuit in <u>Mahdawi v. Trump</u>, No. 25-1113, 2026 WL 2090981 (2d Cir. July 21, 2026)?

**SO ORDERED.**

**Dates:**    **New York, New York**
           **August 4, 2026**

                                    **John G. Koeltl**
                          **United States District Judge**

2