UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THIERNO AMADOU DIALLO,**

**Petitioner,**

**- against -**

**KENNETH GENALO, ET AL.,**

**Respondents.**

**26-cv-6040 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

On July 16, 2026, the petitioner, Thierno Amadou Diallo, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). ECF No. 1. On July 23, 2026, the petitioner filed an amended petition. ECF No. 8 ("Am. Pet."). The amended petition seeks, among other relief, the petitioner's immediate release. Id. at 26. For the reasons that follow, the petition is **granted in part** and **denied in part**.

**I.**

The following facts are drawn from the amended petition, the Government's return, and the accompanying declarations and exhibits. The facts are undisputed unless otherwise noted.

The petitioner is a Guinean national who entered the United States unlawfully near San Ysidro, California, on September 7, 2023. Decl. of Deportation Officer Marcus Richey ("Richey Decl.") ¶ 4, ECF No. 12; see also ECF No. 13-1. Customs and Border Protection ("CBP") officials encountered

the petitioner and issued him a Notice to Appear ("NTA"), charging the petitioner as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Richey Decl. ¶¶ 4–5; see also ECF No. 13-1. CBP released the petitioner on an Order of Release on Recognizance ("OREC"), Form I-220A, pursuant to 8 U.S.C. § 1226(a). See Richey Decl. ¶ 6; see also ECF No. 13-2. Removal proceedings commenced on September 22, 2023, with the filing of the NTA with the Executive Office for Immigration Review. Richey Decl. ¶ 7.

On January 19, 2024, the petitioner filed an application for relief from removal with the immigration court. Id. ¶ 8. Following a hearing held on January 28, 2025, the immigration judge ordered the petitioner removed from the United States but granted withholding of removal to Guinea pursuant to 8 U.S.C. § 1231(b)(3). Id. ¶ 9; ECF No. 13-3. On June 26, 2026, ICE identified the petitioner as an individual who would be removed to Ghana as a third-country national. Richey Decl. ¶ 12. ICE subsequently scheduled the petitioner to be removed on a flight to Ghana during the week of July 27, 2026. Id.

On July 16, 2026, ICE canceled the petitioner's OREC pursuant to 8 U.S.C. § 1226(b) and 8 C.F.R. § 1236.1(c)(9) and issued a Warrant of Removal, Form I-205. Id. ¶ 14. That same day, ICE detained the petitioner during a regularly scheduled check-in at 26 Federal Plaza, New York, New York, and informed the petitioner that he was scheduled to be removed to Ghana. Am. Pet. ¶ 5; Richey Decl. ¶¶ 14–15. At the time his petition was filed, the petitioner was located at 26 Federal Plaza in New York, New York.

That same day, the petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey, and on July 23, 2026, the petitioner was transferred to the Metropolitan Detention Center in Brooklyn, New York, where he remains detained. Richey Decl. ¶ 17.

On July 31, 2026, the petitioner filed a motion to reopen his case with the immigration court in order to challenge his removal to Ghana. Decl. of Melissa Chua ("Chua Decl.") ¶ 1, ECF No. 15. On August 6, 2026, the immigration court granted the petitioner's motion to reopen and vacated the petitioner's prior order of removal. ECF No. 19.

**II.**

District courts have the authority pursuant to 28 U.S.C. § 2241 to issue a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. § 2241(c)(3). The jurisdiction conferred on federal courts by § 2241 includes the authority to review an alien's claims challenging the constitutionality of his or her detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

Section 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the . . . denial of bond or parole." 8 U.S.C. § 1226(e). But "[t]he Supreme Court has made clear that § 1226(e) does not preclude challenges to the extent of the Government's detention authority under the statutory

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

framework as a whole," "[n]or does it limit habeas jurisdiction over constitutional claims or questions of law." Velasco Lopez v. Decker, 978 F.3d 842, 850 (2d Cir. 2020).[2]

## III.

In his amended petition, the petitioner raises various arguments in support of the relief he seeks. However, in supplemental submissions, the parties agree that, because the immigration court granted the petitioner's motion to reopen, the petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). See ECF No. 20, at 1; ECF No. 21, at 1–2.

Section 1226(a) provides that an alien "may be arrested and detained pending a decision on whether the alien is to be removed from the United States," or, alternatively, may be released on bond or conditional parole. 8 U.S.C. §§ 1226(a)(1)–(2). "To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." Johnson v. Guzman Chavez, 594 U.S. 523, 527 (2021) (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8)). If detained, a noncitizen may seek review of an initial custody determination by requesting a bond hearing, during which an immigration judge will assess the noncitizen's potential risk of flight and danger to the community. See 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d).

---

[2] The respondents concede that the jurisdiction-stripping provisions contained in 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) are inapplicable in this case. ECF No. 21, at 3–4.

In this case, the petitioner's request for immediate release must be denied because the petitioner has not requested such a bond hearing in immigration court and has therefore failed to exhaust his administrative remedies. "Under the doctrine of exhaustion of administrative remedies, a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." Howell v. INS, 72 F.3d 288, 291 (2d Cir. 1995). "While 28 U.S.C. § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter before immigration detention may be challenged in federal court by a writ of habeas corpus." Michalski v. Decker, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018).

The petitioner's arguments that he is not required to exhaust his administrative remedies are unpersuasive. For example, the petitioner argues that his motion to reopen "addresses the merits of his asylum application, and not his continued detention, and is thus unrelated to this petition." ECF No. 20, at 2. That argument misses the mark. The immigration court granted the petitioner's motion to reopen, meaning the petitioner is entitled to a bond hearing under § 1226(a)—his right to a bond hearing addresses the legality of the petitioner's ongoing detention, regardless of "the merits of his asylum application."

The petitioner also contends that he should not be required to exhaust his administrative remedies because "doing so would be futile and the remedy

would be inadequate." Id. But that is not the case. The respondents concede that the petitioner is entitled to a bond hearing. ECF No. 21, at 3. The respondents also represent that they do not oppose an instruction to the immigration court to conduct a bond hearing with the burden on the Government to prove by clear and convincing evidence that the petitioner is a flight risk or a danger to the community. See id.; see also ECF No. 26, at 1–2. Indeed, requiring the petitioner to seek a bond hearing before invoking the jurisdiction of this Court also serves the purposes of the exhaustion doctrine: it permits the immigration judge to address his custody in the first instance, and the petitioner may well be released at that hearing. See, e.g., Marshall v. Arteta, No. 26-cv-4110, 2026 WL 1724311, at *4 (S.D.N.Y. June 15, 2026) ("Petitioner has a non-futile remedy available to him in the administrative system: The Government is offering him a bond hearing."). The immigration judge's determination on the petitioner's request for a bond hearing "could potentially moot the habeas petition." Guzman v. Joyce, 786 F. Supp. 3d 865, 870–71 (S.D.N.Y. 2025).

Finally, the petitioner argues that he should not be required to exhaust his administrative remedies because he believes his initial detention by ICE was unlawful, but that argument is without merit. As the Supreme Court has explained, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To the extent there was any impropriety with ICE's initial

detention of the petitioner (which, based on the parties' submissions, does not appear to be the case), there is no dispute that the petitioner is currently lawfully detained pursuant to § 1226(a).

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the petitioner's amended petition for writ of habeas corpus is **granted in part** and **denied in part**.

The Government shall ensure that the petitioner receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Memorandum Opinion and Order; if no hearing is held by that deadline, the Government shall immediately release the petitioner. At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight. The petition is **denied** insofar as it seeks immediate release. No other relief is necessary at this time.

The Clerk is respectfully requested to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**August 19, 2026**

**____/s/ John G. Koeltl__________**
**John G. Koeltl**
**United States District Judge**